**NOT FOR PUBLICATION**



FILED

APR 04 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

SCOTT GILLEN, husband and
VERONICA GILLEN, wife,

    Plaintiffs-Appellees,

v.

TOWN OF HAYDEN, a political
subdivision; et al.,

    Defendants,

 and

W. WHITE; et al.,

    Defendants-Appellants.

No.  17-16617

D.C. No. 2:15-cv-00460-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted March 8, 2019
Phoenix, Arizona

Before: CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Weston White, Matthew Engwis, and Matthew Bowling (collectively, "defendants") appeal the district court's order denying their motion for summary judgment on Scott Gillen's state and federal claims for false imprisonment and false arrest. We have jurisdiction under 28 U.S.C. § 1291. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944–45 (9th Cir. 2017).

Gillen has failed to "identify a case where an officer acting under similar circumstances" as defendants was found to have exceeded the categorical authority of officers announced in *Michigan v. Summers*, 452 U.S. 692 (1981), to detain incident to the execution of a search warrant. *Sharp v. Cty. of Orange*, 871 F.3d 901, 916 (9th Cir. 2017) (emphasis omitted) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam)). None of the cases cited by Gillen involved, let alone settled beyond debate, the question whether *Summers* and *Muehler v. Mena*, 544 U.S. 93 (2005), authorized officers to detain an individual returning to his residence, where (as here) law enforcement officers were surveilling the premises shortly before a SWAT team was to arrive to ensure that execution of the search warrant could take place when the individual was not present. *Cf. Bailey v. United States*, 568 U.S. 186 (2013); *United States v. Taylor*, 716 F.2d 701 (9th Cir. 1983). Nor do any of the cases cited by Gillen clearly establish that officers who detain an individual at the premises to be searched are prohibited from transporting that

individual, for the duration of the search, to a nearby location. *Cf. Bailey*, 568 U.S. 186; *Taylor*, 716 F.2d 701.[1]

Given that defendants could have reasonably believed their actions were authorized under *Summers*, they are also entitled to qualified immunity on Gillen's analogous state law claims. *See Chamberlain v. Mathis*, 729 P.2d 905, 912 (Ariz. 1986).[2]

**REVERSED**.

---

[1] White's mistaken belief that an arrest warrant existed is immaterial because the inquiry into whether officer action was permitted under the Fourth Amendment is objective. *See Scott v. United States*, 436 U.S. 128, 138 (1978).

[2] Gillen does not argue that Arizona law confines the authority to detain incident to a search more narrowly than does *Summers* and its progeny.

3